IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

         Plaintiff,

CR. NO. 05-1369   BB

vs.

MARDOQUEO GONZALES-CALDERON,

         Defendant.

**GOVERNMENT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**COMES NOW** the United States of America, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and Norman Cairns, Assistant United States Attorney, and submits these proposed findings of fact and conclusions of law in response to the Court's request at the evidentiary hearing held on August 16, 2005.

I.  PROPOSED FACTUAL FINDINGS

1. The government's witnesses, United States Border Patrol Agent Robert Moreland and United States Border Patrol Agent Brian Knoll were credible and testified truthfully.

2. Interstate 40 is heavily used by smugglers of illegal aliens. Since 2000, United States Border Patrol agents have stopped approximately 2500 vehicles carrying illegal aliens a year on Interstate 40.

3. The Phoenix area is a staging point for illegal aliens. After crossing the border, the aliens arrive in Phoenix, either on foot, or in older, dilapidated vehicles which are inexpensive to replace if confiscated by federal agents.

4. Once they arrive in Phoenix, aliens are typically quartered at stash houses. They are then transported to other cities in the United States in more expensive vehicles which are better suited to long-distance travel.

5. It is very unlikely that a vehicle transporting aliens on Interstate 40 through Albuquerque will have recently crossed the Mexican border.

6. On March 10, 2005, United States Border Patrol Agents Robert E. Moreland and Oscar Duenez observed a white 1992 GMC Safari minivan traveling east on Interstate 40 west of Albuquerque. The Defendant was a passenger in the Safari.

7. Agent Moreland is an experienced Border Patrol agent.

8. Agent Moreland knew that a Safari is a minivan of the type often used to smuggle aliens because it can hold a several people.

9. The Safari appeared to be heavily loaded, indicating to Agent Moreland that it might have several people inside it.

10. Agent Moreland was parked alongside the freeway in a Border Patrol vehicle which bore markings on the side of the vehicle and emergency law enforcement lights on the top.

11. As the Safari drove past Agent Moreland, neither the driver nor the passenger in the Safari looked at Agent Moreland. In Agent Moreland's experience, it is unusual and suspicious for a driver to not look at a clearly marked law enforcement vehicle parked alongside the freeway.

12. Agent Moreland began following the Safari.

13. The Safari bore a temporary license tag. Based on Agent Moreland's experience, vehicles bearing temporary license tags are often carrying illegal aliens because alien smugglers buy vehicles and began transporting aliens in the vehicles immediately before

        the permanent license plates arrive.

16. Agent Moreland observed that the Safari had condensation on the windows, indicating that there were several people inside the Safari.

17. Agent Moreland observed the silhouette of several heads in the back of the Safari. The heads disappeared from Agent Moreland's view as he followed the Safari. This indicated to Agent Moreland that the people inside the Safari were hiding from him.

18. The speed of the Safari was erratic. As Agent Moreland followed it, the Safari swerved into the fast lane of the freeway in front of a tractor-trailer. When Agent Moreland changed lanes into the fast lane, the tractor-trailer changed lanes into the slow lane. The Safari again changed lanes into the slow lane and swerved in front of the tractor-trailer. Agent Moreland perceived the movements of the Safari as an attempt on the part of the driver to evade Agent Moreland. The erratic movements of the Safari created a dangerous situation on the highway.

## II.  PROPOSED CONCLUSIONS OF LAW

1. A defendant's identity is not evidence which is subject to the Fourth Amendment's exclusionary rule, even when a law enforcement officer has obtained the defendant's identity during an illegal detention.

2. A defendant's statement to law enforcement officers as to his identity is not subject to the Fourth Amendment's exclusionary rule, even when a law enforcement officer has obtained the defendant's statement regarding his identity during an illegal detention.

3. A defendant's fingerprints, like a statement as to his identity, are not subject to the Fourth Amendment's exclusionary rule, even when a law enforcement officer has obtained the defendant's fingerprints as a result of an illegal detention.

4. A defendant's fingerprints as part of the defendant's physical characteristics, like his or her appearance, are not subject to the Fourth Amendment's exclusionary rule, even when a law enforcement officer has obtained the defendant's fingerprints as a result of an illegal detention.

5. A United States Border Patrol agent on roving patrol may stop a vehicle within 100 air miles of the Mexico border, if the Border Patrol agent has specific and articulable facts giving rise to a reasonable suspicion that the vehicle is carrying illegal aliens.

6. A United States Border Patrol agent on roving patrol may stop a vehicle beyond 100 air miles from the Mexican border if the Border Patrol agent has specific and articulable facts giving rise to a reasonable suspicion that the vehicle is carrying illegal aliens and other facts, which in the totality of the circumstances, justify stopping the vehicle.

7. Agent Moreland had a reasonable suspicion based on specific and articulable facts that the Safari was carrying illegal aliens.

8. Agent had additional specific and articulable facts that in the totality of the circumstances justified the stop of the Safari. Specifically, Agent Moreland observed the driver of the Safari engaging in erratic and dangerous behavior on the freeway.

Respectfully submitted,
DAVID C. IGLESIAS
United States Attorney


   Filed Electronically
NORMAN CAIRNS
Assistant United States Attorney
P. O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true copy of this pleading was faxed and mailed to James Baiamonte, counsel of record for Defendant Mardequeo Gonzales-Calderon, at his address of record, 900 Lomas, Blvd NW, Albuquerque, NM 87102, this 22nd day of August 2005.

                                                        Filed Electronically
                                                        NORMAN CAIRNS
                                                        Assistant United States Attorney