

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

05 AUG 24 PM 3:09

CLERK ALBUQUERQUE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>MARDOQUEO GONZALES-CALDERON  )<br>)<br>Defendant.  ) | Criminal No.   05 CR 1369 BB |

**DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**COMES NOW,** the Defendant, Mardoqueo Gonzales-Calderon, by and through his attorney, Jim Baiamonte, and submits these proposed findings of fact and conclusions of law in response to the Court's request at the evidentiary hearing held on August 16, 2005.

I. PROPOSED FACTUAL FINDINGS

1. Interstate 40 is a major transcontinental route on which an untold multitude of people traverse daily.

2. Interstate 40 at the point where the Border Patrol stopped the van carrying Defendant is approximately 240 air miles from the United States/Mexican border.

3. People other than smugglers utilize 1992 GMC Safaris.

4. There are other plausible and legal reasons to explain why the 1992 GMC Safari in question was riding low in addition to Agent Moreland's assumption that the Safari was carrying illegal aliens.

5. There are other plausible and legal reasons to explain the condensation on the inside windows of the Safari other than Agent Moreland's assumption that the vehicle had a large number of human occupants.

6. There are other plausible and legal explanations to explain why the vehicle had a temporary tag other than Agent Moreland's assumption that the vehicle was recently purchased for the expressed



purpose of transporting illegal aliens.

7. Agent Moreland had no authority to make traffic stops even if he personally witnesses a dangerous condition.

8. Agent Moreland has never conducted a traffic stop due to erratic driving, nor has he ever issued a traffic citation or appeared in a traffic court or magistrate court as an officer issuing a citation.

9. Agent Knoll has no idea how or when any of the Plaintiff's generally held theories about border crossing and smuggling actually pertain to this individual defendant.

## II. PROPOSED CONCLUSIONS OF LAW

1. The traffic stop is in violation of established 10th Circuit Ct. Of Appeals case law, *U.S. v. Venzor-Castillo,* (Citation) 1993.

2. As the stop is illegal, all evidence gathered <u>at the stop</u> is suppressed as fruit of the poisonous tree.

3. There is no other means available to curtail the U.S. Border Patrol from continuously violating the civil rights of anybody who falls into their view than to suppress illegally obtained evidence.

4. The Border Patrol might choose to proceed, if they can, on evidence gathered independently of the evidence gleaned in the illegal stop.

5. Condoning the Border Patrol's flagrant violation of *U.S. v. Venzor-Castillo* by not suppressing the illegally obtained evidence in effect eviscerates established case law in the 10th Circuit.

6. Furthermore, tolerating this gradual erosion of U.S. Constitutional protection enlarges the "free-fire" zone along the borders by creeping the border northerly an additional 140 miles beyond what Congress established.

7. There is no reason, logically speaking, to not expand the northern border which separates the United States and Canada and allow a corresponding shrinkage of the United States Constitutional protection along that border as well.

Respectfully Submitted,

_____
JIM BAIAMONTE
Attorney for Defendant
900 Lomas Blvd NW
Albuquerque, NM 87102
505/246-8166

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this pleading was faxed and mailed to Norman Cairns, counsel of record for the United States, at his address of record, Post Office Box 607, Albuquerque, New Mexico 87103, this 24th day of August, 2005.

_____
JIM BAIAMONTE
Attorney for Defendant